## Ex Parte MAKINNEY.

### March 8, 1884.

#### 3 Pac. 253.

**Jury Fees—Certificate for Payment.**—Where a party to a suit is ordered to pay the jury fees, the court has not the power to order the clerk to issue certificates for their payment out of the county treasury, upon the mere neglect, failure, or refusal of the party to comply with the order by paying as required.

Habeas corpus.

J. M. Lesser for petitioner.

THORNTON, J.—Luke Lukes sued J. Bernheim and others in the superior court for the county of Santa Cruz, and on his demand a jury was called and impaneled. The trial of the cause proceeded for five days before the court and jury, and the jury, failing to render a verdict, was on the 19th of

October, 1883, discharged. The court entered an order that the plaintiff pay the jury fees, amounting to one hundred and twenty dollars, in said action, and that all proceedings be stayed in the action until the fees are paid by plaintiff. The court further directed, in this order, that if the fees above mentioned were not paid by plaintiff that the clerk issue a certificate to all of the jurors of the time and mileage to which each juror is entitled to pay, and the same be paid out of the county treasury, as is provided in section 28 of "An act to regulate fees of office," etc., approved March 5, 1870 (Stats. 1869–70, pp. 148, 177). It further appears that the clerk, petitioner here, refused to obey this order, whereupon the court adjudged him guilty of contempt and ordered that he be imprisoned until he comply with it.

The petitioner, Makinney, applies to me to be discharged from this imprisonment. I think that the court in making the order exceeded its power. Such order is only authorized under certain special circumstances, and, when those circumstances do not exist, the court has no power to make it. The proceedings under the statute of 1870, in regard to jury fees, is in its nature special, and is not within the general jurisdiction of the court. It does not appear that Lukes is without means and unable to pay this money. As the case is presented here, it is one of neglect or failure to pay by one who is ordered to pay. It may be that he had abundant means to pay, and willfully and obstinately refused to pay. Under these circumstances, the court had no power to require the clerk to issue certificates as required in the order. It may be that if the court had exercised the powers it had a right to employ—directed a writ of execution to be issued on the order that the plaintiff pay, against the property of plaintiff, had had it placed in the hands of the sheriff, who had made a faithful and diligent effort to make the money, and had failed—that the court might then order the clerk to issue such certificates; but certainly it had no power to make such order on the mere failure, or neglect, or refusal of the plaintiff to comply with the order by paying as required.

As the court was unauthorized by law to make the order as to the issuance of the certificates required by it, the imprisonment of the petitioner was without authority, and he must, therefore, be discharged; and it is so ordered.